# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHRISTOPHER MASON BOBBITT**                                        **PETITIONER**

**V.**                    **No. 4:24-cv-00293-BSM-ERE**

**U.S. MARSHALS, *ET AL.***                                          **RESPONDENTS**

## RECOMMENDED DISPOSITION

This Recommendation Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this RD without independently reviewing the record.

**I.   Introduction**

Petitioner Christopher Bobbitt, a pretrial detainee at the Pulaski County Regional Detention Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For reasons that follow, the Court should dismiss the petition, without prejudice to Mr. Bobbitt seeking relief in his pending criminal case.[1]

---

[1] District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243.

## II.   Background

On February 7, 2023, Mr. Bobbitt was charged in the Eastern District of Arkansas with distribution of methamphetamine. *United States v. Bobbitt*, No. 4:23-CR-00030-BRW (E.D. Ark.), *Doc. 4*. Mr. Bobbitt has not requested a bond hearing and remains in custody. Trial is set to commence on October 8, 2024. *Id. at Doc. 31*.

On April 3, 2024, Mr. Bobbitt filed the pending § 2241 petition, asserting various grievances related to his pending federal, criminal case, such as alleged *Brady* violations, inability to communicate with his lawyer, and the lack of an evidentiary or suppression hearing. *Doc. 2 at 2-3, 6-8.* He seeks the suppression of evidence, release from custody, and dismissal of charges. *Id. at 8*.

## III.   Discussion

The writ of habeas corpus under § 2241 extends to prisoners in custody in violation of the Constitution and other federal law. 18 U.S.C. § 2241(c)(3). However, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases[,] the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918).

Mr. Bobbitt's challenges to the pending federal criminal charges should be presented and decided pursuant to rules governing the proceedings in his criminal case. "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 2010 WL 424143, at *1 (7th Cir.

2010) (citations omitted). Additionally, Mr. Bobbitt failed to seek relief regarding his pretrial detention, so he cannot use § 2241 to challenge that decision now. *Byrd v. Pescor*, 163 F.2d 775, 779–80 (8th Cir. 1947) (citations omitted) ("It is our understanding that a defendant in a criminal case in the federal courts must follow the regular course of proceedings and exhaust all of the ordinary remedies afforded him before he may resort to habeas corpus.").

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Christopher Bobbitt's § 2241 petition be DISMISSED WITHOUT PREJUDICE.

Dated 9 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE